UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELIZABETH RENEE NELSON           CIVIL ACTION NO. 21-cv-429

VERSUS           JUDGE ELIZABETH E. FOOTE

COMMISSIONER OF SOCIAL SECURITY           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Elizabeth Renee Nelson ("Plaintiff"), represented by attorney Edward Wicklund ("Counsel"), filed this civil action to appeal the Commissioner's denial of Plaintiff's application for disability benefits. Plaintiff eventually prevailed and obtained a significant award of benefits. Now before the court is Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 27) in which he asks for an award of $9,845.50 for his work before the court. For the reasons that follow, it is recommend that the motion be granted.

Plaintiff's application for disability benefits was denied by an ALJ, and the Appeals Council denied review. Counsel then commenced this civil action to appeal that final agency decision. Counsel filed a brief and argued the ALJ had erred in the assessment of an opinion from Plaintiff's treating physician.

The court agreed and entered a judgment that remanded the case to the agency based on the fourth sentence of 42 U.S.C. § 405(g). On remand, Plaintiff prevailed and obtained an award of past due benefits of $68,182.00, plus monthly continuing benefits.

Counsel and Plaintiff have a contingency fee agreement that Counsel will be paid 25% of any past due benefits. The agency withheld the 25% ($17,045.50) for possible

payment of attorney fees. Counsel represents that he applied to the agency, pursuant to 42 U.S.C. § 406(a), for a fee for his efforts before it, and the agency awarded the maximum of $7,200. Counsel now presents a motion for fees under § 406(b), in which he asks for an award of $9,845.50 for his work before the court. The total of the agency and court fees would be $17,045.50.

The Fifth Circuit once interpreted Section 406 to preclude the combination of agency fees under Section 406(a) and court fees under Section 406(b) from exceeding 25% of the past-due benefits. Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970). That view was overruled in Culbertson v. Berryhill, 139 S.Ct. 517 (2019) ("the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."). Counsel's request nonetheless fall under the old limit, with his agency fees and court fees totaling 25% of past due benefits.

The contingency fee agreement may provide the award sought pursuant to 42 U.S.C. § 406(b) so long as the fee is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002); Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010). The Commissioner, who has no direct role in such matters but acts similar to a trustee, filed a helpful response that outlined the relevant law and facts. The Commissioner ultimately declined to assert a definitive position on the reasonableness of the fee, noting that the issue is to be decided by the court's independent review.

Counsel's time records indicate 31.6 hours of court time, with 24.9 hours of that attorney time and 6.7 hours of it paralegal time. If the paralegal time is billed at $100 per hour, that results in an effective attorney rate of $368.49 per hour for the court-related time.

Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b). It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer.

This led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee. The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380. The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id. The Court explained that the Gisbrecht "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." Id. at 381.

In light of the applicable law and the considerations discussed in Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011) (Hornsby, M.J.)—such as the few attorneys in the Shreveport Division who will handle a disability appeal to district court and the lack of any compensation for counsel in the many unsuccessful cases—the

undersigned finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work.

Plaintiff likely would have received nothing on this application had Counsel not taken the appeal and filed a brief that prevailed before the court and earned a remand that eventually resulted in an award of benefits. Counsel's argument and the resulting remand led to Plaintiff receiving more than $68,000 in past due benefits, plus continuing monthly payments. The requested fee award of $9,845.50 is reasonable in light of the circumstances and should be approved. Counsel represents that the previously ordered EAJA fee award of $5,045.08 will, upon receipt of the Section 406(b) award, be refunded to Plaintiff as required by the statute under these circumstances.

Accordingly;

It is recommended that the Motion for Attorney Fees Under Section 406(b) (Doc. 27) be granted and that the court approve a fee award under 42 U.S.C. § 406(b) in the amount of $9,845.50 for the work of attorney Edward Wicklund before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes. It is further recommended that Counsel be ordered to, upon receipt of the Section 406(b) fee, return to Plaintiff the $5,045.08 EAJA fee that the court awarded earlier in the case.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2024.

Mark L. Hornsby
U.S. Magistrate Judge